Khalid MASOOD, Petitioner,

v.

DEPARTMENT OF COMMERCE, Respondent.

No. 00–3377.

United States Court of Appeals, Federal Circuit.

Feb. 12, 2001.

Before NEWMAN, MICHEL, and SCHALL, Circuit Judges.

## DECISION

PER CURIAM.

Khalid Masood petitions for review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal as settled. *Masood v. Dep't of Commerce*, 86 M.S.P.R. 336 (2000) (final order). The November 2, 1999 initial decision of the administrative judge ("AJ") became the final decision of the Board on June 9, 2000, when the Board denied Mr. Masood's petition for review for failure to meet the criteria for review set forth in 5 C.F.R. § 1201.115(d). We *affirm*.

## DISCUSSION

### I

On June 1, 1999, Mr. Masood appealed a decision by the Department of Commerce ("agency") removing him from his GS–12 Patent Examiner position at the agency's Patent and Trademark Office in Arlington, Virginia, effective May 28, 1999. A settlement conference was held on September 13, 1999, at which Mr. Masood was represented by counsel. Following the conference, the AJ filed a settlement conference summary indicating that "the parties reached a settlement that provided for withdrawal of [Mr. Masood's] appeal." Eight days later, however, Mr. Masood and his counsel informed the AJ by telephone that Mr. Masood would not settle his appeal under the terms of the September 13 agreement.

A hearing on the merits was held on October 8, 1999. On October 29, 1999, the AJ entered a settlement summary indicating that the parties had reached a settlement. Based on this settlement, the AJ issued his decision, dismissing Mr. Masood's appeal. *Masood v. Dep't of Commerce*, No. DC–0752–99–0567–I–1 (Nov. 2, 1999) (initial decision). The AJ concluded that "the appellant and the agency reached a settlement, that both parties understood its terms, and that they agreed it was to be entered into the record in order to be enforceable by the Board." *Id.*, slip op. at 2. The AJ further determined that the "settlement agreement was lawful on its face, and that it was freely entered into by both parties." *Id.* The AJ found that Mr. Masood had withdrawn his appeal as part of the settlement agreement with the agency; he therefore dismissed the appeal. *Id.* As noted, the AJ's initial decision dismissing the appeal became the final decision of the Board on June 9, 2000 when Mr. Masood's petition for review was unsuccessful. This appeal followed.

### II

■ Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703; *Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984). A petitioner has the "heavy burden" of establishing the invalidity of a settlement agreement. *Asberry v. United States Postal Serv.*, 692 F.2d 1378, 1380 (Fed.Cir. 1982).

■ Mr. Masood argues that the Board should have set aside the settlement agreement because of the AJ's conduct. Mr. Masood asserts that the AJ coerced him to enter into the settlement agreement. In that regard, he complains that the AJ told him, during the last settlement conference after the hearing on the merits, that the AJ was going to rule against him. Because we see no impropriety in the AJ's conduct, we affirm the Board's decision.

Mr. Masood fails to point to any evidence to support his allegations of coercion by the AJ. Mr. Masood presented conclusory allegations of coercion by the AJ that are legally insufficient to invalidate the agreement. Mr. Masood had the benefit of being represented by counsel at all settlement conferences, and he failed to produce testimony or affidavits from his counsel concerning the AJ's activities to substantiate his claims. In addition, even if the AJ communicated his views on the merits of the case to Mr. Masood, such an act does not suggest coercion. It is standard practice for adjudicators to discuss the merits of each party's case and give their honest appraisal of a party's likelihood of success to facilitate fruitful settlement discussions and eventual settlement. There is nothing inherently coercive in an AJ undertaking steps designed to encourage parties to enter into a settlement. Finally, neither of the cases Mr. Masood cites in his initial brief to this court, *Schultz v. United States Navy*, 810 F.2d 1133 (Fed.Cir.1987), and *Fassett v. United States Postal Serv.*, 85 M.S.P.R. 677 (2000), support a finding, based on the evidence in this case, that the settlement agreement was invalid. *Schultz*, 810 F.2d at 1136, involved a case of involuntary resignation where the alleged coercive action that improperly forced resignation was an unwarranted denial of leave. *Schultz* did not involve a settlement of a Board appeal, nor did it involve coercion of the type alleged by Mr. Masood in this case. *Fassett*, 85 M.S.P.R. at 680, also involved an improper threat by an agency to take a future disciplinary action that it knew or should have known could not be substantiated. *Fassett* is inapplicable to this case because Mr. Masood does not allege that the AJ coerced him by threatening to take disciplinary action against him. The AJ obviously could not have taken such action.

Mr. Masood also appears to argue the merits of the agency's removal and to contend that he was the object of retaliation on the part of the agency. However, Mr. Masood cannot now challenge the agency actions that were the subject of his now-settled appeal. *See Asberry*, 692 F.2d at 1380. Since we uphold the Board's determination that the settlement agreement was valid, any and all questions regarding the merits of the agency's action against Mr. Masood are moot.

For the foregoing reasons, we conclude that the Board did not err in holding that Mr. Masood failed to prove the invalidity of the settlement agreement that led to the dismissal of his appeal. We therefore affirm.

Each party shall bear its own costs.